UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lazaro Despaigne Borrero,

Plaintiff,

v.

Bob Coolidge, T. Jones, John Doe, Tracey Juneau, Greg Smith, Michael Parks, Randolph, and Bert Mohs, et al.,

Defendants.

Civ. No.: 01-86 RHK/FLN

**ORDER**

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motion for the Appointment of Counsel [#11] and to File an Amended Complaint [#14].

1. Motion For Appointment of Counsel

28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including civil rights cases. See Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. See Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982); In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986).

Among the factors the court will consider in determining whether to appoint counsel are the

FEB 16 2001
CLERK

factual complexity of the case, the ability of the plaintiff to present his claims, the complexity of the legal issues and whether both the plaintiff and the court would benefit from representation by counsel for both parties. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Plaintiff. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied.

2. Motion to File an Amended Complaint

Fed. R. Civ. P. 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." In the instant case, no responsive pleading has been served. Accordingly, Plaintiff's Motion To File an Amended Complaint will be granted pursuant to Fed. R. Civ. P. 15(a).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for the Appointment of Counsel [#11] is **DENIED**;

2. Plaintiff's Motion to File an Amended Complaint [#14] is **GRANTED**.

DATED: February 15, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge